UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AETNA GROUP USA, INC.,

    Plaintiff,

    v.

AIDCO INTERNATIONAL, INC.,

    Defendant.

NO: 1:11-MC-00023

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 60), and the Responses by Plaintiff (doc. 72), Respondent Palligistics, LLC (doc. 73), Respondent NS Fund I, LLC ("NSF") (doc. 74), and Respondents Salah and Olivia Khan (doc. 75). Also before the Court is Attorney Derek Debrosse's Motion to Withdraw (doc. 63), which the Court has held under advisement.

For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 60), to the extent that it SETS a hearing to Show Cause, January 22, 2013, at 2:00 PM, while it HOLDS IN ABEYANCE Respondents' Motion for Return of Attorney Fees (doc. 25). The Court further finds it appropriate to GRANT Attorney Derek Debrosse's Motion to Withdraw (doc. 63).

**I. Background**

Plaintiff is seeking post-judgment discovery with

Respondents, after having won a judgment in the Northern District of Georgia in September 2010 against Defendant AIDCO for $644,000.00. Plaintiff claims that during the pendency of that litigation, AIDCO and one of its creditors, Respondent NSF, took steps to fraudulently transfer AIDCO's assets. Plaintiff has been seeking discovery with Respondents so as to substantiate such claim.

Plaintiff obtained an Order from the Magistrate Judge in June 2011 directing Respondents to provide it within twenty days a hard-drive and certain communications between and among Respondents. It appears that Respondents were nearly a month late in turning over the hard drive, but that ultimately, as of a hearing in September 2012 before this Court, Plaintiff has obtained all the discovery it sought.

However, the Court notes that as soon as the Respondents were late in complying the discovery Order, Plaintiff filed a motion for contempt. Soon thereafter the parties negotiated such that Plaintiff agreed to withdraw the motion for contempt so long as Respondents would cover the costs in drafting it. Respondents paid Plaintiff $1791.50 on August 9, 2011, but Plaintiff did not withdraw its motion. Respondents thereafter filed a motion for return of the $1791.50.

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge issued her Report and Recommendation in August 2012 that a show cause order be issued to Respondents

NSF, Palligistics and the Khans as to whether they should be held in contempt of court for failure to comply with the Court's June 2011 discovery Order (doc. 60).[1] Ultimately, Respondents did produce the requested hard drive, twenty-seven days after the Court-imposed deadline (Id.). However, the parties continued to wrangle over the production of communications (Id.). As such, Plaintiff, with leave of the Court, filed a Supplemental Brief in Support of Motion for Contempt, on April 24, 2012 (Id.). Plaintiff argues that a fine in the amount of $644,244.74 against Respondents, jointly and severally, is warranted because 1) NSF was one month late in complying with the Order to turn over its hard drive; 2) affidavits the Khans have filed are prima facie evidence of contempt because the statements show the Khans did not search their personal computers, neither Palligistics or the Khans searched for communications other than those "related to the [APA]," and neither Palligistics nor the Khans searched for communications for the 2008 or post-March 2010 time frame; and 3) the Khans apparently lied to the Court as neither the Khans nor Palligistics ever hired an entity called "Information Technology Company," and after Palligistics was placed into receivership, communications responsive to Plaintiff's subpoenas recovered from

---

[1] In such discovery Order, Respondents were ordered to provide within twenty days access to NSF's hard drive, and any other communications between and among Respondents and AIDCO, whether in hard copy or electronic format (Id.). Respondents did not produce a hard drive or the requested communications until after Plaintiff filed a motion for contempt, claiming the hard drive was lost during the move of NSF's operations (Id.).

3

Palligistic's servers were provided to Plaintiff by the Receiver (Id.).

The Magistrate Judge found that Respondents failed to show they took reasonable steps to comply with the Court's order compelling discovery, and that Respondents' explanations for why they failed to comply "are inconsistent and not credible" (Id.). As such, the Magistrate Judge submitted that the district judge should issue a show cause order to respondents to appear at a date certain to show cause as to why they should not be held in contempt of court (Id.). The Magistrate Judge further recommended the Court should deny Respondents Motion for an Order finding they have complied with the Court's discovery order and seeking a return of $1,791.50 in attorney fees, for the same reasons explained in connection with Plaintiff's motion for contempt (Id.).

Respondents respond that they made attempts to comply with the discovery Order and there was no willful contempt of such Order. They further submit that a fine equal to the amount of the judgment against AIDCO, due to a delay of twenty-seven days would be manifestly unjust.

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court sees adequate evidence to support a conclusion that Respondents were less than forthcoming in compliance with the discovery Order. As such, a hearing to show cause is appropriate to determine whether a contempt Order is

warranted. However, the Court, before adopting and affirming the Magistrate Judge's Recommendation as to Respondent's motion for return of attorney fees, finds it appropriate to permit the parties to argue such point at the hearing to show cause. Plaintiff did not withdraw its motion for contempt after receiving its costs in drafting the motion. Moreover, although Respondents were late in compliance with the Order, it appears Plaintiff ultimately obtained the discovery it sought, and the Court therefore questions what prejudice accrued to Plaintiff in twenty-seven days. Accordingly, the Court ADOPTS and AFFIRMS such Report and Recommendation to the extent that it sets a hearing to show cause, while it continues to hold Respondents' motion for return of fees in abeyance.

### III. Attorney Debrosse's Motion to Withdraw

Finally, the Court revisits Attorney Derek Debrosse's Motion to Withdraw (doc. 63), which it had held under advisement. The Court hesitated to grant such motion out of concern for the serious allegations of fraudulent transfer in this case. It now appears that neither the Plaintiff nor the Receiver for Respondent Palligistics object to Debrosse's withdrawal, and that all parties are represented. Under such circumstances, and noting Debrosse's conflict of interest[2] in representing opposing parties, the Court now finds it appropriate to grant his motion to withraw.

---

[2] As of the time of filing of Debrosse's motion, his clients Respondents NSF and the Kahns, who were shareholders in AIDCO and Palligistics, were suing one another in the Franklin County Ohio Court of Common Pleas regarding their interests and experiences with Palligistics.

5

The Court notes that although Debrosse's affidavit indicates he was retained to represent the Respondents in this post-judgment discovery matter, it is unclear whether he had any involvement in the underlying transactions. Should that be the case, as for Debrosse or any other involved attorney, the Court will not hesitate to consider the application of the crime-fraud exception to the attorney-client privilege so as to compel attorney testimony. In Re Bruce D. Miller and Jacqueline Miller, et al., 247 B.R. 704 (Bankr. N.D. Ohio 2000).

## IV. Conclusion

This is a complex case in which it appears Respondents have not complied with the Court's mandated discovery Order. As such, the Court finds the Magistrate Judge's Recommendation correct that Respondents should appear to show cause as to why they should not be held in contempt for failure to comply with such Order. At such hearing the Court will consider whether a fine in the amount of $644,244.74 against Respondents is warranted, and whether Plaintiff should disgorge the $1,791.50 in attorney fees paid it by Respondents to withdraw its motion for contempt, which Plaintiff ultimately did not do.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 60), to the extent that it SETS a hearing to SHOW CAUSE, on January 22, 2013, at 2:00 PM. The Court further finds it appropriate to GRANT Attorney Derek Debrosse's Motion to Withdraw (doc. 63), which it had previously

held under advisement.

SO ORDERED.

Dated: 12/11/12

S. Arthur Spiegel
United States Senior District Judge